*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-209

OCTOBER TERM, 2014

In re M.M., Juvenile
}
}
}
}
}
}
}

APPEALED FROM:

Superior Court, Caledonia Unit,
Family Division

DOCKET NO. 15-2-13 Cajv

Trial Judge: M. Kathleen Manley

In the above-entitled cause, the Clerk will enter:

Mother appeals from a judgment of the superior court, family division, terminating her parental rights to the minor M.M. She contends the trial court: (1) abused its discretion by failing to review the appropriateness of the plan of services proposed by the Department for Children and Families; and (2) made an unsupported finding. We affirm.

The material evidence and findings may be summarized as follows. M.M. was taken into DCF custody immediately after she was born in February 2013. Four months earlier, while pregnant with M.M., mother had voluntarily relinquished her parental rights to M.M.'s three siblings, who were all under four years of age at the time. DCF was concerned that the problems that had led to its involvement with the three older children—principally mother's mental health issues and chaotic lifestyle—had not abated by the time of M.M.'s birth. Mother had only a brief relationship with M.M.'s father.[*] After she was taken into DCF custody, M.M. was placed with a foster family, where she has since remained.

In March 2013, mother stipulated to an adjudication of CHINS based on the State's supporting affidavit outlining DCF's ongoing concerns about mother's ability to safely parent the child due to her unaddressed mental health issues and continued involvement with violent domestic partners. In April 2013, DCF filed a disposition case plan with a recommended goal of adoption based on mother's continued failure to attend or benefit from a variety of counseling, parenting, and other services, to avoid violent and unhealthy relationships, and provide a safe and stable home. The plan nevertheless provided for the continued provision of intensive services which required mother to participate in family-time coaching three days a week, attend individual mental health counseling and follow all treatment recommendations, complete an anger management class, participate in drug and alcohol assessments, and maintain a safe and appropriate home environment.

The State filed a petition to terminate mother's parental rights in June 2013. A follow-up disposition case plan filed in August 2013 continued to identify a permanency goal of adoption

---

[*] Father's parental rights were terminated in the same proceeding that resulted in the termination of mother's parental rights. Father has not appealed from the judgment.

based on mother's continued failure to make progress sufficient to safely parent M.M., as well as M.M.'s young age and pressing need for permanence. The services and goals outlined for mother remained largely the same as those set forth in the earlier plan.

An evidentiary hearing on the TPR petition was held over the course of three days in November 2013 and January and February 2014. In June 2014, the trial court issued its written decision. The court reviewed mother's long history of abusive domestic relationships which had resulted in an unsafe, chaotic, and unstable home environment; mother's continued struggles— despite the extensive parent education services—to engage with M.M, understand her needs, and make safe decisions; and mother's continued failure to engage consistently in mental health counseling and the related deterioration of her emotional health. In addition, the court noted that M.M. was fully integrated into her foster family, who were also caring for her older half-sister, and that she was thriving in their care.

Applying the best-interests criteria, the trial court concluded that—in view of mother's continued inability to acquire and apply basic parenting skills, continued chaos and violence in her personal life, and continued failure to address and stabilize her emotional health—mother could not resume parental rights and responsibilities within a reasonable time. While recognizing mother's demonstrated affection for M.M., the court could not find that mother had played a constructive role in her life. The court thus concluded that termination of mother's parental rights was in M.M.'s best interests, and granted the State's petition. This appeal followed.

Our review of the trial court's decision in a TPR proceeding is limited. As we have explained, "[o]ur role is not to second-guess the family court or to reweigh the evidence, but rather to determine whether the court abused its discretion in terminating" parental rights. In re S.B., 174 Vt. 427, 429 (2002) (mem.). We will not disturb the court's factual findings unless clearly erroneous, nor its conclusions if reasonably supported by the findings. In re A.F., 160 Vt. 175, 178 (1993).

With one exception, discussed below, mother challenges none of the trial court's findings summarized earlier. Rather, she contends the trial court abused its discretion in failing to review "the appropriateness of the proposed service plan." It is DCF's responsibility to file a disposition case plan setting forth a permanency goal and plan of services to achieve the goal, 33 V.S.A. § 5316(b), and the trial court may in its discretion approve or reject the plan if "determines that the plan . . . does not adequately support the permanency goal for the child." Id. § 5318(b).

Mother cites no authority suggesting that the court was required to make specific findings concerning the "appropriateness" of the proposed plan of services. Nevertheless, the record of mother's long history of mental health problems, parenting challenges, emotional instability, and domestic violence fully demonstrate the relevance and necessity of the services provided in the disposition case plan. Furthermore, while the trial court is not specifically required to find that DCF has made reasonable efforts to assist the parents, In re J.T. & C.T., 166 Vt. 173, 180 (1997), the record here again leaves no doubt that the case-plan services were sufficient—if diligently pursued—to assist mother in resuming parental responsibilities. Accordingly, we find no error or abuse of discretion.

Mother also claims that the trial court made an unsupported finding in noting that her continued emotional deterioration made it likely that she was "not consistently taking her

2

medications" which in turn affected "ability to self-regulate." Mother herself testified that there were times when she did not take her medications, that the medications were effective in helping her to "control [her] anger issues and . . . how people [we]re affected by [her] actions," and that the occasions when she "acted out violently" coincided with her failing to take the medications. As she stated, "[w]hen I take my medication I'm not like that." Accordingly, there is no basis to conclude that the finding was unsupported and clearly erroneous, and no ground to disturb the judgment.

     Affirmed.


                                           BY THE COURT:


                                           _____
                                           Paul L. Reiber, Chief Justice


                                           _____
                                           John A. Dooley, Associate Justice


                                           _____
                                           Harold E. Eaton, Jr., Associate Justice